# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

DONNELL RAY EXUM,

    Debtor.

Case No. 08-10079-RGM
(Chapter 13)

## MEMORANDUM OPINION

THIS CASE was before the court on January 17, 2008, on the owners' motion to confirm that the automatic stay does not apply to certain property. The property owners were the successful purchasers of the debtor's home at a foreclosure sale. After purchasing the property at the foreclosure sale and obtaining title to the property, they filed a warrant in unlawful detainer in the general district court and were awarded possession of the property. The owners obtained a writ of possession but the debtor filed his petition in bankruptcy before the writ was executed. The owners immediately filed this motion in this court requesting that the court confirm that the automatic stay is not applicable in this case.

Section 362(b)(22) of the Bankruptcy Code provides that the automatic stay does not apply to:

> the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

Section 362(b)(22) is not applicable because the relationship between the owners and the debtor did not arise "under a lease or rental agreement". The debtor was the prior owner of the property and has had no relationship with the present owners. As the result of a successful bid at a foreclosure sale, they became entitled to possession and the debtor lost his right of possession. He became a

tenant at sufferance. Section 362(b)(22) is not applicable and the automatic stay does apply.

The owners' motion is really a motion for relief from the automatic stay. Based on the facts presented, it is clear that the debtor has no right to remain in possession of the premises. The state court already made that determination and this court must give that judgment full faith and credit. 28 U.S.C. §1738. The court will therefore terminate the automatic stay to permit the owners to proceed to execute their writ of possession.

Alexandria, Virginia
January 17, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy mailed to:

Donnell Ray Exum
2016 Maleady Drive
Herndon, Virginia 20120

Copy electronically to:

Jeffrey S. Romanick

13963