# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

DONNELL RAY EXUM,

    Debtor.

Case No. 08-10079-RGM
(Chapter 13)

## MEMORANDUM OPINION

THIS CASE was before the court on February 20, 2008, on the motion of Mona Exum, the debtor's spouse, for relief from the automatic stay imposed by §362 of the Bankruptcy Code to proceed with a divorce action now pending in the Circuit Court of Fairfax County, Virginia.

The automatic stay is very broad. It enjoins many, but not all, actions from being taken against the debtor or the debtor's property. 11 U.S.C. §362(a). Section 362(b) expressly permits certain actions. The relevant provisions in this case are §362(b)(2)(A)(ii) and (iv). They provide that the filing of a petition does not operate as a stay of the commencement or continuation of a civil action "(ii) for the establishment or modification of an order for domestic support obligations" or "(iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate".

Mrs. Exum is aware that the automatic stay is not an impediment to obtaining or enforcing a domestic support obligation or to obtaining a divorce. The difficulty, though, is that she would like the equitable distribution hearing to also go forward. The parties own several improved parcels of real estate as tenants by the entirety which, preliminarily, appear to have significant equity – possibly enough to pay all creditors in full.

The court is concerned for creditors ( some of whom may also be creditors of Mrs. Exum)

1

if the equitable distribution proceeding were to proceed at this time. The trustee and the creditors are not proper parties before the circuit court in the divorce proceeding and may be adversely affected by a division of property, particularly, if assets are to be liquidated for the benefit of creditors. The exclusion of equitable distribution proceedings from §362(b)(2)(A)(iv) protects creditors from this risk.

This case is in its early stages. The debtor filed a chapter 13 plan. The trustee objected to it and also filed a motion to dismiss this case. The hearing on the motions is March 12, 2008. The trustee's objection and his motion to dismiss are not unusual. Many debtors are faced with these motions and overcome them. In this case, based on the statements of the debtor and his spouse's attorney, there may well be sufficient assets to pay all creditors in full. If that is the case, jointly held property may be liquidated in order to accomplish this result. The fact that the joint debts of the parties and possibly the individual debts of the parties are paid in full may well have an impact on the circuit court's determination as to the equitable distribution of the parties' property both because debts may be satisfied and property liquidated to effectuate the payment of the debts. At this point, it is unclear what will happen to this case. It may be dismissed or a chapter 13 plan may be confirmed. It is clear, however, that it is premature to lift the automatic stay for the benefit of Mrs. Exum because of the potential prejudice to creditors of the estate.

Mrs. Exum's counsel argues that although the Code of Virginia permits the circuit court to grant a divorce without adjudicating the marital property rights of the parties, the circuit court has a standing rule that prohibits granting a divorce without first determining the marital property rights of the parties. Whether the circuit court wishes to proceed is up to it to determine. Whether this case poses a particular hardship which would prove to be an exception to the circuit court's rule or

whether it falls soundly within the purpose of the rule is for the circuit court to determine. While this court takes into account the impact of the automatic stay on other litigation, in this case, the benefit to the creditors of the estate outweighs the detriment to Mrs. Exum.

Mrs. Exum argues that because of the circuit court's local rule she will not be able to proceed on the divorce itself and that there is a benefit to the creditors if a divorce is granted because the parties' tenants by the entirety property will be converted into tenants in common property. Va.Code (1950) §20-111. Thus, individual creditors will be able to recover from the post-divorce property while only joint creditors may now recover from the tenants by the entirety property.[1] *See In re Bunker*, 312 F.3d 145 (4th Cir. 2002); *In re Sumy*, 777 F.2d 921 (4th Cir. 1985). This requires the court to analyze the relative benefits and burdens to the various creditor classes, an analysis that cannot be accomplished at this time.

The motion for relief from the automatic stay will be denied.

Alexandria, Virginia
February 21, 2008

                                                /s/ Robert G. Mayer
                                                Robert G. Mayer
                                                United States Bankruptcy Judge

---

[1] While true, the marriage must be dissolved within 180 days after the filing of the petition in bankruptcy in order for the tenants by the entirety property to become property of the estate, assuming that it was properly exempted in the first instance. 11 U.S.C. §541(a)(5)(B). *See In re Cordova,* 73 F.3d 38 (4th Cir. 1996).

Copy mailed to:

Donnell Ray Exum
2016 Maleady Drive
Herndon, Virginia 20120

Morgan Brooke-Devlin
121 South Washington Street
Falls Church, Virginia 22046

Copy electronically to:

Gerald M. O'Donnell

14027